UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD PENDLETON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WHITE, et al.,<br><br>Defendants. | Civil Action No. 17-2694(FLW)<br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Plaintiff's filing of a *pro se* Complaint alleging violations of his civil rights in connection with his criminal proceeding. (ECF No. 1.) At this time, the Court will grant Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) As explained in this Memorandum and Order, the Court will dismiss the Complaint pursuant to its screening authority under 28 U.S.C. 1915(e)(2)(B), and provide Plaintiff with 30 days in which to submit an amended complaint.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)

1

(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require

the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

In his Complaint, Plaintiff alleges that his signature was forged on a request for a probable cause hearing brought by his criminal attorney Brian White.[1] (ECF No. 1, Complaint at 4-6.) Plaintiff describes Defendant White as a "Pool Lawyer[.]" (*Id.*) Plaintiff alleges that he did not instruct Defendant White to bring the motion on his behalf. (*Id.*) Plaintiff further alleges that Defendant White told the judge presiding over Plaintiff's criminal case that he did not know who forged the signature. (*Id.*) Although the presiding judge told Defendant White to investigate the matter, Defendant White allegedly failed to do so. (*Id.*)

The Court construes Plaintiff to seek relief pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law." *Mikhaeil v. Santos*, 646 F. App'x 158, 161–62 (3d Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988). It is axiomatic that "[a] Section 1983 claim requires state action." *McKinney v. Prosecutor's Office*, No. CIV. 13-2553 KM MCA, 2014 WL 2574414, at *8 (D.N.J. June 4, 2014). Here, Plaintiff alleges that Defendant White is a public defender/pool attorney. To the extent Plaintiff alleges that this Defendant provided ineffective assistance of counsel to Plaintiff during pretrial proceedings, Plaintiff's claim is subject to dismissal because "ineffective assistance of appointed

---

[1] Plaintiff has attached to his Complaint what appears to be a copy of the "Notice of Probable Cause Hearing pursuant to R. 3:4-3." (*Id.* at 7-8.)

counsel in representing a defendant is not actionable under § 1983."[2] *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (no state action for the purposes of § 1983 where public defender represented defendant in criminal matter)); *see also Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Calhoun v. Young*, 2008 WL 2944638 (3d Cir. Aug.1, 2008) (public defender representing criminal defendant is not acting under color of state law); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law); *Amponsah v. Boney*, No. CIV.A. 08-4992 (MLC), 2008 WL 4754869, at *2-3 (D.N.J. Oct. 27, 2008) (same). Likewise, Privately-retained counsel are not state actors for purposes of § 1983. *See Steward v. Meeker*, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client). Although private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors, *see Bierley v. Abate*, 661 F. App'x 208, 209 (3d Cir. 2016) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980)), Plaintiff has not alleged in the Complaint that Defendant White is a state actor or that he engaged in a conspiracy or joint activity with any state actors. For these reasons, the Court will dismiss without prejudice the § 1983 claims against Defendant White.

With respect to Defendant Caitlin Sidley, who is identified as a prosecutor, Plaintiff alleges that on April 22, 2016, the presiding judge in Plaintiff's criminal matter asked Defendant

---

[2] To the extent that Plaintiff may be attempting to set forth either a legal malpractice claim or an ineffective assistance of counsel claim against his attorney, neither claim is properly brought as a § 1983 action. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); *Shaw v. Stackhouse*, 920 F.2d 1135 (3d Cir. 1990) (§ 1983 is designed to address constitutional deprivations, not torts). The Court does not construe the amended complaint as raising legal malpractice claims under state tort law.

Sidley why Plaintiff had not been indicted yet. (ECF No. 1, Complaint at 4.) On April 25, 2016, Plaintiff received the probable cause motion with the forged signature in the mail. (*Id.* at 4-5.) Plaintiff provides no other facts about Defendant Sidley's conduct. To the extent Plaintiff alleges that this Defendant forged Plaintiff's signature or otherwise colluded with Defendant White to forge Plaintiff's signature, such allegations are conclusory and unsupported by any well-pleaded facts. The Court will therefore dismiss the Complaint without prejudice as to Defendant Sidley.

To the extent Plaintiff can cure the deficiencies in his §1983 claims, he may submit an Amended Complaint within 30 days of the date of this Memorandum and Order.

**IT IS, THEREFORE,** on this 28th day of November, 2017,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1-1) is hereby GRANTED; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Mid-State Correctional Facility; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the Complaint is dismissed WITHOUT PREJUDICE for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that, to the extent he can cure the deficiencies in his claims, Plaintiff may submit an Amended Complaint within 30 days of the date of this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter at this time and send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.[3]

---

[3] If Plaintiff submits an Amended Complaint within the timeframe specified by the Court, the Court will reopen this matter and screen the Amended Complaint.

/s/ Freda L. Wolfson  
Freda L. Wolfson  
United States District Judge